Case 4:25-cv-04657   Document 15   Filed 01/13/26 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
January 14, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CRUZ LEANDRO MARTINEZ-LEIVA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-04657 |
| | § | |
| KRISTI NOEM, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER FOR SUPPLEMENTAL BRIEFING

The Petitioner, Cruz Leandro Martinez-Leiva, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials at the Montgomery Processing Center in Conroe, Texas. Through counsel, he challenges his continued immigration detention through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Doc. No. 1. Respondents have filed a motion for summary judgment (Doc. No. 10), Petitioner has filed a response (Doc. No. 12), and Respondents have filed a reply with a supplement (Doc. Nos. 13 & 14).

Petitioner was previously detained under 8 U.S.C. § 1226(c) because he was, *at that time*, convicted of carjacking. *See* Doc. No. 1-2 at 2. On February 27, 2024, the petitioner's conviction was vacated, and he pleaded guilty to two counts of misdemeanor false imprisonment for the incident that originally formed the basis of the carjacking conviction. *See* Doc. No. 1 at 6. On January 29, 2025, the Laken Riley Act was enacted,

which mandates detention for a noncitizen who is "inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182 of this title"[1] and "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E). The parties appear to agree that the petitioner is inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i).

The Court concludes that additional briefing is needed regarding whether, in the alternative to Respondents' contention that the petitioner falls within 8 U.S.C. § 1225(b), the petitioner is subject to mandatory detention under the Laken Riley Act, section 1226(c)(1)(E), because he was previously arrested and charged with carjacking (and second-degree robbery). *See* Doc. No. 1-2 at 2. The parties shall address what legal effect, if any, the vacatur of the petitioner's conviction and his re-pleading to a misdemeanor have on the application of the Laken Riley Act to his case.[2]

---

[1] Section 1182(a)(6)(A)(i) provides: "An alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible." 8 U.S.C.A. § 1182(a)(6)(A)(i).

[2] The Court observes that the Respondents contend that the petitioner is held under 8 U.S.C. § 1225(b)(2). Additional briefing is requested as to whether, in the alternative, he is subject to mandatory detention under § 1226(c) based on the Laken Riley Act.

Accordingly, the Court **ORDERS** the parties, **within thirty (30) days of the entry of this Order**, to submit supplemental briefing regarding whether the petitioner is subject to mandatory detention under the Laken Riley Act.

**SO ORDERED.**

SIGNED on this ___13th___ day of January 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE