United States District Court
Southern District of Texas

**ENTERED**

June 11, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CRUZ LEANDRO MARTINEZ-LEIVA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-04657 |
| | § | |
| KRISTI NOEM, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

The petitioner, Cruz Leandro Martinez-Leiva, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. Through counsel, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention. Doc. No. 1. Respondents have filed a motion for summary judgment, Doc. No. 10, Petitioner filed a response, Doc. No. 12, and Respondents filed a reply, Doc. No. 13. The Court has carefully considered the submissions of the parties, the evidence in the record, and the applicable law and concludes that this petition must be dismissed for the reasons that follow.

The petition and attached exhibits reflect that Petitioner is a national of El Salvador who entered the United States without inspection and without lawful status in 2015. Doc. No. 1 at 5. Petitioner does not plead facts to show that he has been lawfully admitted into the United States. Because Petitioner entered without inspection and has not obtained lawful status, he is an applicant for admission subject to 8 U.S.C. § 1225(b)(2). *See*

1 / 3

*Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. Feb. 6, 2026). Therefore, to the extent he argues that he should receive a bond hearing under 8 U.S.C. § 1226(a) and its implementing regulations, that claim is foreclosed by *Buenrostro-Mendez*. His detention is mandated by statute under section 1225(b)(2).

In addition, Petitioner's Fifth Amendment due process claims fail. First, the applicable statute mandates detention. *See Jennings v. Rodriquez*, 583 U.S. 281, 297 (2018) (explaining that "§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded"). Second, "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003); *see also Jennings*, 583 U.S. at 297; *Carlson v. Landon*, 342 U.S. 524, 538 (1952) ("Detention is necessary a part of th[e] deportation procedure."); *Wong Wing v. United States*, 163 U.S. 228, 235 (1896) ("Proceedings to exclude or expel would be vain if those accused could not be held in custody pending the inquiry into their true character, and while arrangements were being made for their deportation."). Because the petitioner does not meet his burden to show that his detention violates the Constitution, his petition for a writ of habeas corpus must be denied.

Therefore, the Court **ORDERS** as follows:

1. Respondents' motion for summary judgment (Doc. No. 10) is **GRANTED**, and this petition (Doc. No. 1) is **DISMISSED without prejudice**.

2. Petitioner's motion for a temporary restraining order (Doc. No. 3) is **DENIED**.

3.  All other pending motions, if any, are **DENIED as MOOT**.

SIGNED on this _____ 10th _____ day of June 2025.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE